UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-01290-CJC(ANx)                    Date:  December 22, 2009

Title: <u>MARISELA ROSALES V. TACO BELL CORP.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| <u>Michelle Urie</u> | <u>       N/A       </u> |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                          None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**

 Plaintiff Marisela Rosales brought this putative class action against Defendant Taco Bell Corporation on September 28, 2009.  Ms. Rosales asserts causes of action for failure to timely pay wages and unfair competition.  The potential class includes all Taco Bell employees in California who allegedly received late payment of wages upon separation from Taco Bell within the past four years.

 Taco Bell removed the action from state court, alleging that this Court has diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  Taco Bell concedes that it is a citizen of California.  (Notice of Removal ("NOR") ¶ 8.)  Taco Bell also asserts that two potential class members, Angelique Cook and Dwayne Payton, are citizens of other states.  (NOR ¶ 8.)  Finally, Taco Bell asserts that the amount in controversy is over $5 million based on the potential damages the class plaintiffs could collect.  (NOR ¶ 9.)

 A district court must remand a case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction.  28 U.S.C. §1447(c).  A federal court can assert subject matter jurisdiction where a case either raises a question under federal law or is between diverse parties and involves an amount in controversy of over $75,000.  28 U.S.C. §§ 1331, 1332.  Under CAFA, district courts have jurisdiction over class actions in which the amount in controversy exceeds $5

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 09-01290-CJC(ANx)                      Date:  December 22, 2009
                                                                                                   Page 2

---

million in the aggregate and in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 18 U.S.C. § 1332(d)(2). There are important exceptions to this minimal diversity rule, however. A district court may decline to exercise jurisdiction over a class action in which the primary defendants and greater than one-third but less than two-thirds of the class members are citizens of the state where the action was originally filed. 18 U.S.C. § 1332(d)(3). A district court must decline to exercise jurisdiction over a class action in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 18 U.S.C. § 1332(d)(4)(B). Under CAFA, "the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *see also Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 448 (7th Cir. 2005). Once the removing party establishes federal jurisdiction under the minimal diversity rule, however, "the objecting party bears the burden of proof as to the applicability of any express statutory exception under §§ 1332(d)(4)(A) and (B)." *Serrano v. 180 Connect, Inc*., 478 F.3d 1018, 1024 (9th Cir. 2007).

       Taco Bell has identified two class members out of thousands that may not reside in California. The address searches of these employees are insufficient to establish that these two employees are not citizens of California. For example, the address search for Angelique Cook shows her living in both Michigan and California at the same time. (Ex. 1 to NOR.) The address search for Dwayne Payton shows that he has never resided in California, which is inconsistent with the notion that he worked at a California Taco Bell and is a member of the potential class. (Ex. 2 to NOR.) A natural person's state citizenship is determined by state of domicile, not by state of residence. *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 858 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* Without more, Taco Bell has failed to carry its burden of establishing minimal diversity.

       Additionally, in order for this Court to have jurisdiction under 18 U.S.C. § 1332(d), at least one-third of the class members must be citizens of states other than California. Although Ms. Rosales bears the burden of establishing the § 1332(d)(4) exception, the Court has concerns about whether it has jurisdiction to hear this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-01290-CJC(ANx)            Date:  December 22, 2009
                                                                                                                              Page 3

      The Court, on its own motion, hereby orders Taco Bell to show cause as to why this case should not be remanded to state court for lack of subject matter jurisdiction. Taco Bell shall file a response to the Court's order to show cause by March 22, 2010. Ms. Rosales will then have until March 29, 2010, to file and serve her position. Upon the filing of Ms. Rosales' position, the matter will stand submitted. The hearing on the motion to dismiss set for December 28, 2009, at 1:30 p.m. is hereby continued to April 12, 2010. The Court will vacate that hearing if it determines that this case must be remanded to state court.

jhp

MINUTES FORM 11
CIVIL-GEN                                                                                                        Initials of Deputy Clerk MU